This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant- Appellant, James Rhodes (hereinafter "Rhodes"), appeals the decision of the Columbiana County Court of Common Pleas accepting his guilty plea to two counts of Aggravated Assault in violation of R.C. 2903.12(A)(2), felonies of the fourth degree, sentencing him to a term of one year imprisonment on each count, and ordering those sentences be served consecutively. For the following reasons, we conclude Rhodes was sentenced pursuant to a joint recommendation and we are precluded from reviewing his sentence pursuant to R.C. 2953.08(D).
Rhodes was convicted on February 27, 1997, of vandalism and breaking and entering. He was on parole for those convictions when he was instructed to present himself to the office of the parole authority in Youngstown, Ohio on September 10, 1999. Rhodes failed to report to the parole authority and after several unsuccessful attempts to contact him, he was declared a violator at large on September 30, 1999.
After this declaration, at approximately 10:30 p.m. on Tuesday, October 12, 1999, Rhodes was driving his car on State Route 7 between East Fairfield, Ohio, and Middleton, Ohio. A jeep occupied by Locke Goodman, Joseph Reynolds (hereinafter "Reynolds"), and Corey Burcham was traveling in the same direction. Rhodes rammed the left side of the jeep with his car and then pulled in front of the jeep, forcing the occupants to stop their vehicle. Rhodes then obtained a hammer from the trunk of his vehicle and threw that hammer at Reynolds.
As a result of the above, the Columbiana County Grand Jury indicted Rhodes on two counts of felonious assault in violation of R.C.2903.11(A)(2), felonies of the second degree, and one count of escape in violation of R.C. 2921.23(A)(1), a felony of the third, fourth, or fifth degree, on December 1, 1999.
Rhodes initially pled not guilty to the charges. However, on May 1, 2000, Rhodes entered into a plea agreement with the Columbiana County Prosecutor's Office. According to that agreement, Rhodes would plead guilty to two counts of aggravated assault, a violation of R.C.2903.12(A)(2), a felony of the fourth degree. In exchange, the State agreed to nolle count three of the indictment dealing with escape. Furthermore, the State agreed to recommend one year incarceration as to each count, to be served consecutively.
The trial court heard the matter on May 1, 2000, and, after engaging in a colloquy with Rhodes, accepted his guilty plea. In its May 1, 2000 entry, the court followed the State's recommendation, sentencing Rhodes to one year imprisonment for each count and ordering those sentences be served consecutively.
Rhodes' sole assignments of error argues:
 "The trial court plainly erred in failing to make and support the requisite statutory findings before imposing consecutive sentences upon Mr. Rhodes. Trial counsel was ineffective for failing to object to the improper sentence. (Sentencing Entry; Sentencing Tr. at p. 18-19)."
Because we conclude the sentence ordered by the court was jointly recommended by Rhodes and the State pursuant to a plea agreement, we are precluded from reviewing his sentence by R.C. 2953.08(D). Accordingly, we affirm the trial court's decision.
R.C. 2953.08(D) provides:
 "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D).
It is clear the statute precludes appellate review of a sentence when three elements are met: 1) the sentence was authorized by law; 2) the sentence was made by a sentencing judge; and, 3) the sentence was jointly recommended by the prosecution and defendant to that sentencing judge.
As noted in this Court's recent decision in State v. Phifer (May 31, 2002), 7th Dist. No. 01 CA 39, Ohio appellate courts have unanimously held that, pursuant to R.C. 2953.08(D), a sentence is "authorized by law" as long as the prison term imposed does not exceed the maximum term prescribed by the statute for the offence. State v. Harris (Dec. 31, 2001), 10th Dist. No. 01AP-340; State v. Walker (Dec. 6, 2001), 8th Dist. No. 79630, State v. Stallard (Aug. 17, 2001), 6th Dist. No. H-01-013; State v. Salsgiver (Aug. 10, 2001), 11th Dist. No. 2000-T-0048; State v. Rogg (Mar. 13, 2001), 4th Dist. No. 00CA07; Statev. Engleman (Aug. 18, 2000), 1st Dist. No. C-990845; State v. Gray (June 30, 2000), 2nd Dist. No. 99-CA-103; State v. Amstutz (Nov. 8, 1999), 5th Dist. No. 1999CA00104; State v. Byerly (Nov. 4, 1999), 3rd Dist. No. 5-99-26; State v. Henderson (Sept. 27, 1999), 12th Dist. No. CA99-01-002. Rhodes pled guilty to two counts which were fourth degree felonies. He could be sentenced to between six and eighteen months on each count. He was sentence to twelve months on each count. Thus, his sentence was authorized by law.
As well as being authorized by law, Rhodes' sentence was also imposed by a sentencing judge. R.C. 2953.08(D) will apply if this sentence was recommended jointly by the defendant and the prosecution as contemplated by the statute.
In the present case, the prosecutor stated the terms of the plea agreement.
"At this time it's my understanding that the Defendant will enter a plea of Guilty to two counts of Aggravated Assault, a violation of 2903.12(A)(2), a fourth degree felony.
 "At the time of sentencing the State will recommend one year incarceration as to each count, to be served consecutively. We will oppose community control sanctions, but if granted will recommend EOCC and restitution as terms.
 "The Plea Agreement, You Honor, indicates that the Defendant will request a presentence investigation. It's my understanding that the Defendant will withdraw that request, and will request that the Court sentence him immediately.
 "In return for his pleas of guilty, the State has agreed to nolle Count Three of the Indictment charging him with escape." Tr. at 3.
Rhodes' counsel stated that was his understanding of the agreement.
As can be seen, the transcript clearly indicates this was a joint recommendation of sentence. This conclusion is buttressed by the fact that the sentence imposed by the trial court, two terms of imprisonment for one year to be served consecutively, is the equivalent of the statutory minimum term Rhodes would have served had he been convicted of just one of the three charges contained in the original indictment, felonious assault, a felony of the second degree punishable from two to eight years in prison. See R.C. 2929.14(A)(2).
Accordingly, we find R.C. 2953.08(D) precludes us from reviewing the sentence imposed on Rhodes. The decision of the trial court is affirmed.
Donofrio, J., and Waite, J., concur.